HALD et al. v. PEARSON et al.

(In Banc. Dec. 11, 1944.)

[20 So. (2d) 71. No. 35719.]

Hugh F. Causey, of Cleveland, for appellants.

Elbert Johnson, of Indianola, for appellees.

**Anderson, J.,** delivered the opinion of the court.

On the 10th day of February, 1936, and for some time prior thereto, Mattie King owned a farm in Sunflower County. On that day she executed and delivered to appellee William Pearson the following instrument:

"For and in consideration of the sum of Ten no/100 dollars and other valuable considerations hereinafter set out I hereby bargain, sell and convey to William Pearson the following tract or parcel of land situated and being in the County of Sunflower, State of Mississippi, and described as follows:

"The North Half of Northwest Quarter of Northeast Quarter of Section Nineteen Township Twenty Range Five Containing Twenty Acres more or less.

"It is understood and agreed that said William Pearson is to cultivate said land free of rent, but is to pay the taxes and to support me during the remainder of my life, and that the title to the above land does not pass to him until my death."

She acknowledged its execution in the usual form, except the acknowledgment does not state that the instrument was delivered. It was filed for record in the chancery clerk's office on the 16th day of the same month.

Mattie King died on February 21, 1941, approximately five years after the execution of this instrument. Her sole heirs were the appellants Ida Hald and Nathan Warren, who were her first cousins. They filed the bill in this cause against the appellee William Pearson and his wife to set aside and have the instrument held for naught on the ground that it was an attempted will and not a deed, and was void as such because neither witnessed nor wholly written by the hand of the maker.

The court held that it was a deed, which resulted in a decree for the appellees, from which appellants prosecute this appeal.

On the execution and delivery of the instrument appellee Pearson and his wife went into possession of the

farm and paid all taxes on it and supported the grantor, Mattie King, the balance of her life; and in addition expended something over $1,000 in improvements on the place. We are of opinion that the decree should be affirmed. The difference between a deed and a will is that by means of the former a present interest passes, while the latter takes effect only at the death of the testator. Manifestly this instrument took effect when delivered. Pearson acquired during the lifetime of the grantor the title to the land charged with the obligation on his part to maintain and support her the balance of her life, and after her death the title in fee simple. Applying the principles laid down in the cases of Stubblefield v. Haywood, 123 Miss. 480, 86 So. 295; and Graham et al. v. Triplett et al., 148 Miss. 299, 114 So. 621, that result necessarily follows.

Affirmed.