WATTS *et al. v.* WATTS.

(In Banc. May 28, 1945.)

[22 So. (2d) 625. No. 35863.]

**Ernest L. Shelton** and **Lamar F. Easterling**, both of Jackson, for appellants.

M. **Ney Williams** and **John Bell Williams**, both of Raymond, for appellee.

**Roberds, J.,** delivered the opinion of the court.

This is a proceeding to establish, probate, and have recorded as a will a certain instrument of writing, which the reporter will set out in the margin.[1] It is contended

[1] "State of Mississippi,
"County of Hinds.

"In consideration of the sum of One ($1.00) Dollar, cash in hand paid, the receipt of which is hereby acknowledged, and the natural love and affection which I bear for my beloved grandson, Booster Watts, I, Ellen Watts, a widow, do hereby convey and warrant unto Booster Watts the following described land situated in the Town of Raymond, Second District of Hinds County, Mississippi, and more particularly described as follows, to-wit:

"Being 75 feet, more or less, fronting on Raymond and Clinton Public gravel road, and running between parallel lines 425 feet, more or less, West to the land owned by Mrs. C. B. Gillespie, and further described as the property bounded on the North by land owned by Mrs. C. B. Gillespie, bounded on the West by land owned by Mrs. C. B.

by contestants, appellants here, that this instrument is not a will either in form or substance. The chancellor admitted the instrument to probate and record as a will.

It is elementary that the main distinction between a deed and a will is that the former must pass a present interest in the property purported to be conveyed, whereas a will does not take effect until after the death of the testator. We think it is evident that the foregoing instrument is not a will. It does not purport to be such. It describes itself as a deed, and the purported maker ac-

---

Gillespie, bounded on the South by land owned by the heirs of Tom Watts, deceased, and bounded on the East by the Raymond and Clinton public gravel road.

"It is the intention and purpose of this deed to convey to the grantee herein the same land formerly conveyed to the grantor herein by deed from Mrs. C. B. Gillespie, (now deceased), of date of April 17, 1909, and recorded in Book 82 on page 504 of the records of Land deeds in the office of the Chancery Clerk of the Second District of Hinds County, at Raymond, Mississippi, and all appurtenances thereto belonging.

"The Grantor herein specifically reserves unto herself a life estate in and to the above described property, the title to same to be vested in fee simple in the said Booster Watts at the death of said Grantor herein.

"Witness my signature, this June 14, 1941.

> "Her
> X
> "Ellen Mark Watts

"Witnesses—
"(Signed) J. T. Ainsworth
"(Signed) John Bell Williams"
"State of Mississippi
"County of Hinds

"Personally appeared before me, the undersigned officer in and for said state and county, the within named Ellen Watts, a widow, who acknowledged that she signed and delivered the above and foregoing deed on the day and year therein mentioned, and for the purposes therein stated, as her own act and deed. Given under my hand and seal of office, this, June 14, 1941.

> "(Signed)    W. W. Downing
> Chancery Clerk"

"(Seal)"

knowledged it as a deed. It was recorded as such in the deed records on the date of its execution. It is in the words and form of a deed. If legally executed by a mentally competent grantor, which we are not called upon to decide in this proceeding, it vests title immediately. The clause, "The Grantor herein specifically reserves unto herself a life estate in and to the above described property, the title to same to be vested in the said Booster Watts at the death of said Grantor herein," does not postpone until death of the maker the vesting of title to the property. These words are sufficient to pass immediate interest or right, although the enjoyment thereof be postponed until the death of the maker, when the full enjoyment merges with the previously vested interest or right.

Reversed, and bill dismissed.