TANNER *v.* FOREMAN.

Division B. Oct. 22, 1951.

No. 38067 (54 So. (2d) 483)

Edwards & Edwards and **L. D. Pittman,** and **Billie C. Little** and **R. C. Russell,** for appellant.

**R. S. Tullos** and **J. D. Martin,** for appellee.

**Holmes, C.**

On July 29, 1927, J. R. Foreman and his wife, Mrs. F. A. Foreman, executed the following written instrument:

"The State of Mississippi,

Smith County.

"In consideration of Two Thousand Dollars cash in hand paid the receipt whereof is hereby acknowledged we convey and warrant to W. W. Foreman the land described as The NE ¼ of NW ¼ and SW¼ of NW ¼ Section 13, and SE ¼ of NE ¼ Section 14, all in Township 1 North, Range 7 East.

"It is understood and agreed by and between the parties hereto, that the grantor, J. R. Foreman, herein, reserves the right of possession free use and occupation of the above described land as long as he lives, and upon the death of the said J. R. Foreman the said grantee, W. W. Foreman, to have the possession and occupation of said land as well as the land herein above described, situated in the County of Smith, in the State of Mississippi.

"Witness our signature, This the 29 day of July, 1927.

"J. R. Foreman

her

Mrs. F. A. x Foreman

mark

"State of Mississippi, Smith County.

"This day personally appeared before me; the undersigned Circuit Clerk of the County of Smith, in said

State, the within named J. R. Foreman and Mrs. F. A. Foreman, wife of the said J. R. Foreman who acknowledged that they signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand and official seal at Raleigh, this the 29 day of July, 1927.

"C. A. Simmons
Circuit Clerk"

At the time of the execution of the instrument the grantor, J. R. Foreman, was the owner of the lands therein described. He died intestate on November 17, 1946. The aforesaid instrument was filed for record in the office of the Chancery Clerk of Smith County, Mississippi, on the 30th day of November, 1946, and was duly recorded on the 10th day of December, 1946.

On November 20, 1947, the appellant, Mrs. Birdie Tanner, a daughter of J. R. Foreman, deceased, and one of his heirs at law, filed her original bill in the Chancery Court of Smith County against her brother, W. W. Foreman, and other heirs at law of the said deceased, seeking to cancel the aforesaid instrument on the ground that it was not a deed but was testamentary in character and therefore inoperative because not executed as a will is required to be executed.

Appellant prosecutes this appeal from an adverse decree of the court below dismissing her original bill.

The overwhelming weight of the evidence establishes the fact that said instrument was duly executed by the grantors and immediately delivered to the grantee and the consideration therefor paid.

The language of the instrument is plain and unambiguous and no resort to rules of construction is necessary to ascertain its meaning. The intent of the grantor must be judged by the clear and unambiguous language which he employs. Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 6 So. (2d) 318.

The instrument was executed and acknowledged in the form of a deed and duly delivered and the

consideration therefor paid, and by its plain terms immediately vested the title to the land in the grantee, subject only to the reservation of the right of possession in the grantor, J. R. Foreman, so long as he lived. The instrument must, therefore, be given effect as a valid deed. Sec. 831 of the Code of 1942; Stubblefield v. Haywood, 123 Miss. 480, 86 So. 295; Graham v. Triplett, 148 Miss. 299, 114 So. 621; Hald v. Pearson, 197 Miss. 410, 20 So. (2d) 71; Watts v. Watts, 198 Miss. 246, 22 So. (2d) 625.

 ██ Appellant argues also that W. W. Foreman, the grantee in the instrument and an heir at law of J. R. Foreman, deceased, was incompetent as a witness because his testimony was in defense of a claim against the estate of a deceased person, and that the chancellor erred in permitting him to testify over the objection of the appellant. We need not pass upon the competency or incompetency of this witness since his testimony was largely cumulative of that of other witnesses whose competency was not challenged and whose testimony amply established the execution and delivery of the instrument and the payment of the consideration therefor. Without regard to the competency or incompetency of the witness, W. W. Foreman, we find no reversible error in the action of the chancellor in permitting him to testify.

We are accordingly of the opinion that the decree of the chancellor in dismissing appellant's original bill was correct and should be and is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.