## TAYLOR *v.* McGEHEE

No. 39826       February 27, 1956       85 So. 2d 566

*J. E. Stockstill,* Picayune, for appellant.

*Tate Thigpen,* Picayune, for appellee.

Arrington, J.

On July 26, 1950, Mrs. J. Ira McGehee Brown executed the following instrument to her son, E. L. McGehee:

"STATE OF MISSISSIPPI, PEARL RIVER COUNTY:

"In consideration of the sum of Ten ($10.00) Dollars cash in hand paid, and other valuable consideration which is hereby acknowledged and confessed, I convey and warrant to E. L. McGehee the land described as

"Beginning at a point 923 feet South and 400 feet East of the NW corner of NW¼ of NE¼, Section 11, Township 6 South, Range 17 West; thence run South 99.4 feet; thence run East 271 feet to West margin of Highway 11; thence North 18 degrees East along said highway 106 ft; thence West 301 feet to place of beginning, containing 65/100 acres, and being a part of NW¼ of NE¼, Section 11, Township 6 South, Range 17 West.

"The Grantor reserves a Life Estate in said land to be used and enjoyed by her with all the privileges of a Life Estate, and to do anything she desires with said land until her death, situated in Pearl River County, Mississippi.

"Witness my signature, the 26 day of July 1950.

/s/ Mrs. J. Ira McGehee Brown /s/ (L.S.)

_____ (L.S.)

"STATE OF MISSISSIPPI, PEARL RIVER COUNTY

"Personally appeared before me, the undersigned authority in and for said county, the within named Mrs. J. Ira McGehee Brown, a widow who acknowledged that she signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand and official seal, this the 26 day of July 1950.

"/s/ J. E. Stockstill /s/
Notary Public

"S E A L

"My Commission expires 5-12-54

"STATE OF MISSISSIPPI
"PEARL RIVER COUNTY

"I hereby certify the foregoing instrument was filed for record in my office on the 12 day of August 1950 at 10 o'clock A.M., and that the same is now duly recorded

in Deed Record No. 83 on page 489 of Record of Land Deeds in my office.

"Given under my hand and Seal of office this 12 day of August 1950.

/s/ N. C. Rouse /s/
Chancery Clerk

"(SEAL OF CHANCERY COURT)"

On March 14, 1952, Mrs. J. Ira McGehee Brown conveyed this identical land to her daughter, Mrs. Willard Taylor. The said Mrs. Brown died on June 6, 1952. On April 22, 1953, the appellee, E. L. McGehee, filed bill of complaint seeking cancellation of the deed executed to his sister, Mrs. Taylor, as a cloud upon his title. The defendant answered the bill denying the allegations thereof, and made her answer a cross-bill praying that the deed to the complainant be cancelled as a cloud upon the title of cross-complainant. The chancellor, at the conclusion of the hearing, granted the relief prayed for by complainant and cancelled the deed executed to Mrs. Taylor as a cloud upon the title of the appellee. From this decree, Mrs. Taylor, the appellant, appeals.

The sole question presented for decision on this appeal is the interpretation of the reservation clause in the deed to appellee. The appellant contends that the clause was testamentary or in the nature of a will and conveyed nothing, and that the court was in error in finding that the instrument was a deed. In other words, the appellant contends that the part of the reservation clause, ". . . and to do anything she desires with said land until her death," reserved the right of disposal of the land until death and conveyed no estate in the present. We are of the opinion that there is no merit in this contention.

The appellant relies upon the case of Gaston, et al v. Mitchell, et al, 192 Miss. 452, 4 So. 2d 892, and authorities cited therein. An examination of this case and the au-

thorities cited therein are not applicable to the instrument involved herein. ██ ██ The language of the reservation clause, in our opinion, is plain and unambiguous, and we do not have to resort to rules of construction. Tanner v. Foreman, 212 Miss. 355, 54 So. 2d 483. The difference between a deed and a will is clearly stated in the case of Watts, et al v. Watts, 198 Miss. 246, 22 So. 2d 625, as follows:

"It is elementary that the main distinction between a deed and a will is that the former must pass a present interest in the property purported to be conveyed, whereas a will does not take effect until after the death of the testator. We think it is evident that the foregoing instrument is not a will. It does not purport to be such. It describes itself as a deed, and the purported maker acknowledged it as a deed. It was recorded as such in the deed records on the date of its execution. It is in the words and form of a deed. If legally executed by a mentally competent grantor, which we are not called upon to decide in this proceeding, it vests title immediately. The clause, 'The Grantor herein specifically reserves unto herself a life estate in and to the above described property, the title to same to be vested in the said Booster Watts at the death of said Grantor herein,' does not postpone until death of the maker the vesting of title to the property. These words are sufficient to pass immediate interest or right, although the enjoyment thereof be postponed until the death of the maker, when the full enjoyment merges with the previously vested interest or right."

We are of the opinion that the decree of the chancellor is correct and should be, and it is, affirmed.

Affirmed.

*Roberds, P.J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.