BUCHANAN *v.* BUCHANAN.

No. 41167          May 18, 1959          112 So. 2d 224

*McFarland & McFarland,* Bay Springs, for appellant.

*Oates & Oates,* Bay Springs; *Aaron L. Ford,* Jackson, for appellee.

GILLESPIE, J.

T. J. Buchanan died intestate about the year 1934 owning the 70 acres of land, one-half interest in which, subject to a life estate, is involved in this suit. Buchanan left as his heirs at law his widow, complainant below and appellant here, and three children, I. E. Buchanan, F. P. Buchanan, and Mrs. Bessie Mae McNeil. In 1934, F. P. Buchanan and Mrs. Bessie Mae McNeil, two of the said heirs, conveyed their interest in said lands to the appellant, Mrs. T. J. Buchanan, and I. E. Buchanan, who lived on the land with his mother. On September 10, 1938, appellant, Mrs. T. J. Buchanan, executed a deed to I. E. Buchanan in the words and figures as follows:

"THE STATE OF MISSISSIPPI

"COUNTY OF JASPER

"IN CONSIDERATION OF $10.00 and other valuables, I, Mrs. T. J. Buchanan, being one of the heirs of T. J. Buchanan, deceased, and grantee of F. P. Buchanan and Bessie Mae (Buchanan) McNeil, grantors, I convey and warrant to I. E. Buchanan, his heirs and assigns, all my right, title, interest and claim in and to:

"All personal property of any and every kind belonging to the estate of T. J. Buchanan, deceased, by heir and conveyance: also; All my right, title, interest and claim in and to the lands belonging to the estate of T. J. Buchanan, deceased, by right of heir and conveyance, towit: SE¼ of SE¼ & SW¼ of SE¼ Less 10, Acres on South Side. Section 31, Township, 3, Range 10, East, Jasper County, Mississippi. And being 70 acres, more or less.

"It is understood and agreed, that the said Mrs. T. J. Buchanan, grantor, shall have and hold all her right and title to above described property so long as she shall live, but at her death the said I. E. Buchanan, Grantee, shall claim and hold all right and title, in both personal and real properties, constituting and being the estate of the said Mrs. T. J. Buchanan, and T. J. Buchanan, Deceased."

This deed was duly acknowledged and was thereafter on May 12, 1944, filed for record and recorded in the chancery clerk's office. In June 1958, this suit was filed by Mrs. T. J. Buchanan, complainant, against Mrs. Oneta Buchanan, sole heir at law of I. E. Buchanan, who died intestate on December 7, 1957. The original bill of complaint prayed for the cancellation of the deed from appellant to I. E. Buchanan dated September 10, 1938, on the grounds (1) that complainant did not sign the deed and knew nothing of its existence until shortly before

bringing this suit; and (2) because said deed is testamentary in character and was inoperative as a deed of conveyance. There was no proof on the part of the complainant that she did not execute the deed.

The question for our decision is whether the written instrument executed by Mrs. T. J. Buchanan on September 10, 1938, is a deed or whether it is testamentary in character and inoperative as a deed of conveyance.

A number of cases have been decided involving instruments designated as deeds and in the form of deeds but which were held to be testamentary in character and inoperative as deeds of conveyance. In all of these cases, the language of the instrument was such as to make it clear that the grantor intended that the instrument itself would not take effect until the grantor's death. Cunningham v. Davis, 62 Miss. 366; Simpson v. McGee, 112 Miss. 344, 73 So. 55; Martin v. Graham, 114 Miss. 653, 75 So. 447; Kelly v. Covington, 119 Miss. 658, 81 So. 485; Cox v. Reed, 113 Miss. 488, 74 So. 330; Knight v. Knight, 133 Miss. 74, 97 So. 481; Tapley v. McManus, 175 Miss. 849, 168 So. 51; Ates v. Ates, 189 Miss. 226, 196 So. 243; Gaston v. Mitchell, 192 Miss. 452, 4 So. 2d 892; Mims v. Williams, 192 Miss. 866, 7 So. 2d 822.

Appellants urge that the provision in the deed in question that the grantor "shall have and hold *all* her right and title to the above property so long as she shall live" (emphasis added), means that the grantor did not intend to part with any present interest in the property, and, therefore, the instrument is testamentary in character and inoperative as a deed of conveyance. We are of the opinion that there is nothing in the deed indicating an intention on the part of the grantor that the instrument itself would not be effective until her death. Certainly, it is an inartfully drawn instrument, but considering the instrument as a whole, and reading it so as to harmonize all its provisions, we think the grantor intended to retain a life estate in the property,

and that it was the enjoyment of the estate conveyed that was withheld from the grantee until the grantor's death. In Stubblefield v. Haywood, 123 Miss. 480, 86 So. 295, the Court held the instrument a deed although it provided that it was the grantors' intention to "retain title" in said lands during their natural lives. In Hald v. Pearson, 197 Miss. 410, 20 So. 2d 71, the deed provided that "the title to the above land does not pass to him until my death." It was held not to be testamentary in character, and was good as a deed of conveyance. Cf. Graham v. Triplett, 148 Miss. 299, 114 So. 621; Watts v. Watts, 198 Miss. 246, 22 So. 2d 625; Johnson v. Seely, 139 Miss. 60, 103 So. 499.

We must give proper consideration to Section 831, Mississippi Code of 1942, which provides as fellows:

"Any interest in or claim to land may be conveyed to vest immediately or in the future, by writing signed and delivered; and such writing shall have the effect to transfer, according to its terms, the title of the person signing and delivering it, with all its instruments, as fully and perfectly as if it were transferred by feoffment with livery of seizin, notwithstanding there may be an adverse possession thereof."

The statute makes good as a deed of conveyance an instrument even when the interest conveyed vests in the future.

An analysis of our cases on the subject indicates that the rule is that when an instrument purports to be a deed and is in the words and form of a deed and is acknowledged as such, it should be construed to be testamentary in character and inoperative as a deed of conveyance when, and only when, it affirmatively and clearly appears from the language of the instrument itself, giving due consideration to all its provisions, that it was the intention of the person signing it that the instrument itself would have no effect until his death. When the language employed is such that it is consistent

with an intention to postpone the enjoyment of the interest conveyed or to vest the interest at a future date upon the happening of some event, the courts should not construe the instrument as testamentary in character and inoperative as a deed of conveyance.

We hold that the chancellor correctly construed the instrument in question to be a deed reserving to the grantor a life estate in the half interest she owned in the property.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.