GRIFFIS, P.J.,
for the Court:
¶ 1. John Oaks, as executor of the estate of Rose Greer, deceased, filed a declaratory-judgment action that contested a lease assignment that purported to convey Greer’s lessor rights to Linda Greer Ball upon Greer’s death. The chancellor ruled in favor of Ball and upheld the lease assignment. In this appeal, Oaks argues that the trial court erred when it found the lease assignment to be valid, and when it determined that Ball was not responsible for the payment of casualty-insurance premiums on the property. We find error and reverse, render, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 3, 2002, Greer executed a lease agreement with Jene and David Nunnery. The lease was for certain farmland located in Lincoln County, Mississippi. The Nunnerys agreed to pay Greer $600 per month. According to the lease, the term of the lease began on August 1, 2000, and was for a one-year initial term. The lease included automatic one-year renewals, with a final termination date of July 31,2025.
¶ 3. In controversy here is Section 3 of the lease agreement. It reads:
DEATH: In the event of the death of the Lessor, this lease agreement shall not terminate!];] rather the rights and obligations of Lessor shall immediately be transferred to Linda Ball, who will also have the right to receive payments hereunder.
¶ 4. On July 31, 2009, Greer executed a will that left the remainder of her estate to Oaks. The will did not mention the lease assignment to Ball. Greer died on October 6, 2010. Oaks probated the will, and he was issued letters testamentary on October 26, 2010.
¶ 5. On September 24, 2013, Oaks filed a complaint for declaratory relief against Ball. In the complaint, Oaks asked for a declaratory judgment that found Section 3 of the lease agreement to be invalid. Oaks claimed that the assignment was not valid because it was testamentary in nature and did not comply with the requirements of a testamentary document. As alternative relief, Oaks sought a declaratory judgment that, if the assignment was valid, Ball was responsible for the payment of ad valorem taxes and insurance premiums on the property.
¶ 6. On February 20, 2014, the chancellor held a hearing. No testimonial evidence was received, and the parties stipulated the documentary evidence to include Greer’s will and the lease agreement. After argument of counsel, the learned chancellor ruled that Section 3 of the lease agreement was not testamentary and the provision properly conveyed Greer’s lessor rights to Ball. The chancellor ruled that Ball was to pay the ad valorem taxes on the property, and denied Oaks’s request that Ball pay the casualty-insurance premiums on the property.
*1198 STANDARD OF REVIEW
¶ 7. An appellate court “applies a de novo standard of review to questions of law, including a motion for a declaratory judgment.” S. Carolina Ins. v. Keymon, 974 So.2d 226, 229 (¶ 9) (Miss.2008) (citation omitted).
ANALYSIS
¶8. Oaks makes a simple argument. He claims that Section 3 of the lease agreement constituted a testamentary conveyance. As a conveyance, the lease agreement was required to comply with the requirements of a testamentary document. Oaks contends the document did not comport with the testamentary requirements, which rendered the assignment invalid.
¶ 9. “A lease is both a contract and a conveyance.” K.F. Boackle, Mississippi Landlord and Tenant Law with Forms § 1.2 (2005). As a contract, a lease is freely assignable unless a provision in the lease expressly states the contrary. See Jeffery Jackson & Mary Miller, Encyclopedia of Mississippi Law § 21:33 (2015).
¶ 10. During her life, Greer was the fee-simple owner of the property and had the right to lease it to the Nunnerys. Greer was entitled to the rental proceeds and could have assigned the proceeds to a third party if she wanted. The concern here, however, is that the assignment was only effective upon Greer’s death. This Court is presented with a matter of law and must decide whether the chancellor was correct to decide that the lease-agreement provision constituted a valid assignment and not a testamentary conveyance.
¶ 11. Section 3 of the lease agreement assigns the lessor’s rights to Ball upon Greer’s death. In Buchanan v. Buchanan, 236 Miss. 751, 756, 112 So.2d 224, 227 (1959), the Mississippi Supreme Court held:
[W]hen an instrument purports to be a deed and is in the words and form of a deed and is acknowledged as such, it should be construed to be testamentary in character and inoperative as a deed of conveyance when, and only when, it affirmatively and clearly appears from the language of the instrument itself, giving due consideration to all its provisions, that it was the intention of the person signing it that the instrument itself would have no effect until his death.
The supreme court further held:
Where an instrument, though in the form of a deed, contains its maker’s provision that it makes no present conveyance of an interest in land or otherwise directs that the interest to be conveyed vests in the grantee only upon the death of the grantor, such an instrument is regarded as testamentary in character and is enforceable only if made in compliance with our statute of wills.
Ford v. Hegwood, 485 So.2d 1044, 1045 (Miss.1986).
¶ 12. In Ford, the owners of a parcel of real property created a warranty deed that included the following provision: “[W]e, the undersigned J.O. HEGWOOD and wife, NANNIE MAY HEGWOOD, do hereby sell, eonvey[,] and warrant to our son, CARROLL DENNIS HEGWOOD, and HIS OWN BLOOD HEIRS, at OUR DEATH, the following described land[.]” Id. The supreme court ruled that the deed, dated June 20, 1951, conveyed the property to Carroll as of the date of the deed and left J.O. and Nannie May a life estate in the property. Id. at 1046. Under this interpretation, the supreme court concluded that the language did not indicate a testamentary intent by the Hegwoods, but rather demonstrated an immediate conveyance. Id. at 1047,
*1199 ¶ 13. In both Buchanan and Ford, the courts upheld warranty deeds that purported to convey land only upon the deaths of the grantors by finding that the grantors retained life estates while contemporaneously conveying the land to the grantees. In contrast, this case implicates a lease agreement rather than a warranty deed. There is no analogous Mississippi case examining the validity of such an assignment in a lease agreement. Thus, this Court looks to the Buchanan and Ford decisions for guidance.
¶ 14. Both the Buchanan and Ford courts determined that the warranty-deed conveyances in each respective case illustrated the intent of the landowners to presently convey the land as of the execution of the warranty deeds, leaving a life estate to the themselves. Under this reasoning, the logical inference is that both the grantor and the grantee possess simultaneous, but distinct, interests. The key distinction between the warranty deeds in Buchanan and Ford and the lease agreement here, however, is that Ball and Greer could not contemporaneously possess the same rights afforded under the lease agreement.
¶ 15. During her life, Greer was the fee-simple owner of the property, and the lessor by virtue of the lease agreement. While Greer was alive, Ball had absolutely no interest in the property or the lease agreement whatsoever. Ball’s interest in the lease agreement was conditioned upon Greer’s death. Following the framework illustrated in Buchanan and Ford, this clearly indicated Greer’s intent that the assignment “would have no effect until [her] death.” Buchanan, 236 Miss, at 756, 112 So.2d at 227. Therefore, we conclude that Section 3 of the lease agreement acted as a testamentary document and failed to validly assign Greer’s lessor rights to Ball unless it complied with the necessary testamentary requirements. Accordingly, this Court must determine whether the document was a valid testamentary instrument. . ■
¶ 16. Mississippi law provides that “[e]very person eighteen (18) years of age or older, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title and interest in possession, reversion, or remainder[.]” While Greer objectively met the age requirement, there was no indication of whether Greer was of “sound and disposing mind” or that the document represented a will.
¶17. -Further,.'for a valid testamentary .instrument, the document must “be signed by the testator or testatrix, or by some other person -in his or her presence and by his or her express direction. Moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two (2) or more credible witnesses” in her presence. Miss.Code Ann. § 91-5-1 (Rev.2013). Both Greer and the Nunnerys signed the lease agreement, arguably meeting the statutory guidelines. But for the instrument to be a valid will, the Nunnerys must meet the requirements of attesting witnesses:
First, the testator must request them to attest the will; second, they must-see the testator sign the will; third,, they must know that the document is the testator’s last will and testament; and finally, they must satisfy themselves that the testator is of sound and. disposing mind and capable of making a will.
In re Estate of Holmes, 101 So.3d 1150, 1152 (¶ 10) (Miss.2012), There is no indication in the-record that the Nunnerys met any of these requirements. As such, we conclude as a matter of law that the lease agreement did not constitute a valid will.
*1200 ¶ 18. For these reasons, we reverse the chancellor’s judgment and render a judgment that Section 3 was testamentary in nature and the lease agreement failed to meet the statutory requirements for a valid will. Therefore, Greer did not properly convey her lessor rights to Ball. Because the assignment is invalid, the question of whether Ball must maintain insurance on the property is moot. We remand this case for the chancellor to determine whether the estate was entitled to repayment of the lease proceeds from Ball and for further proceedings consistent with this opinion.
¶ 19. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
BARNES, ISHEE, CARLTON AND JAMES, JJ., CONCUR. WILSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., IRVING, P.J., AND FAIR, J. GREENLEE, J., NOT PARTICIPATING.