Mr. Chief Justice Shakkey
delivered the opinion of the court.
The plaintiff in error claimed four negroes, which had been levied on by the sheriff of Madison county, by virtue of an execution against her husband, M. T. Moore. The plaintiff in execution introduced William Smith as a witness, who stated that he had known the negroes from infancy; that they had belonged to John Webb, the father of claimant, previous to the marriage of claimant with M. T. Moore, which took place in Tennessee, in the spring of 1838, and they moved to Mississippi in the fall of that year, bringing with them these slaves with others, which had also belonged to Webb. Moore had possession of the slaves, from the time of his removal to this state until the fall of 1840, when Webb made a deed of gift of them to the claimant. Moore had sold two of the slaves to Shotwell, and executed a deed of trust of these slaves with others, for Shotwell’s benefit. Webb moved to Mississippi, in 1841, and shortly afterwards Moore and wife went to live with him, carrying with them the slaves. Witness was the brother-in-law of Webb, and had no knowledge of his having claimed title to the slaves after they were brought from Tennessee, until 1S40, when the deed of gift was made; had heard that Webb claimed one, which had been sold to Shotwell, and was to put another in his place, and redeem him. The witness was intimate with the family of Webb, and had heard conversations about the slaves, but never heard of any reservation, except as *243 to one which had been sold to Shotwell. The plaintiff in execution proved by Shotwell, that he purchased two slaves from Moore, and had agreed that he might redeem them in two years, by substituting others of equal value. Moore stated to him that he had a good title to the slaves sold, aud also to the others embraced in the deed of trust; the negroes were in possession of Moore from 1838 until 1840, when he went to live with Webb, atid he had exercised the usual acts of ownership.
The claimant, in support of her title, read the deed of gift, and offéred to introduce Webb, the claimant’s father, and Moore, her husband, as witnesses, who being sureties in the claimant’s bond, were objected to; whereupon the claimant offered to give a new bond, with other sureties, which the court refused to allow, to which the claimant excepted, and this is assigned as error.
It was undoubtedly competent for the court to allow a new bond to be given, so as to remove the disability of the witnesses, and it was not a mere matter of discretion in the court to allow or disallow it. The party had such a right to substitute new security, as to make it error to refuse it. Irwin v. Carryell, 8 Johns. R. 318. Tomkins v. Curtis, 3 Cow. 251. Leggett v. Boyd, 3 Wend. 376. But this rule cannot apply, when the witnesses are from other causes incompetent. Moore, being the husband of claimant, was on that ground incompetent to testify in her behalf. An objection is also made to the competency of Webb ; because the deed of gift contained a warranty of title. As a general rule, a grantor or vendor with warranty, is an incompetent witness to support his vendee’s title. He is directly interested in the event of the suit. 2 Phil. Ev. (notes) 106. In answer to this objection, it is said that Webb conveyed by deed of gift, which was a mere quitclaim, and is not liable on the warranty. A grantor without warranty, or by mere quitclaim, is a competent witness for his vendee, and a warranty must be supported by a consideration to make it binding. The deed made by Webb is a deed of gift, expressing the consideration to be love and affection to his daughter. It also professes to have been made on the further consideration of ten dollars. *244 This recital, however, is not conclusive evidence that even that small sum was paid ; in a suit for • a breach of warranty, it would be competent for Webb to show that in truth it was not paid. Besides the sum is so inconsiderable, when compared with the value of the property, as to show that in truth it was but a nominal amount, inserted under a notion that some money consideration was necessary, to make the transaction valid. Webb was therefore a competent witness, and because of his rejection the judgment must be reversed and the cause remanded.