MARTHA WALLER v. MOLLIE JULIUS *et al.*

No. 13,435. (74 Pac. 157.)

SYLLABUS BY THE COURT.

CONVEYANCE—*Insane Grantor.* A deed executed without consideration by a person who is in fact insane, although not judicially declared so, to a grantee who knows of his incapacity, is void, and may be set aside at the suit of one who is in possession of the property under a claim of ownership.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed January 9, 1904. Reversed.

*Charles W. Frye* and *McGrew, Watson & Watson,* for plaintiff in error.

*L. W. Johnson,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Martha Waller brought an action against Aaron Julius to quiet title to real estate. He having died, the present defendants, his heirs, have been

substituted for him.   The facts as disclosed by the petition, so far as they are here important, are substantially as follows :  The property originally belonged to Nat. Minard and Daphne Minard, his wife.  They made an oral agreement with plaintiff that she should occupy the property jointly with them and take care of them during the remainder of their lives, in consideration of which the property was to become hers if she survived them.   She carried out the agreement on her part, and in reliance upon it made permanent imrovements on the property of the value of about $100.   Nat. Minard died intestate July 28, 1900.   September 4, 1900, Daphne Minard executed a warranty deed for the property to Julius.   The deed was without consideration and the grantor, at the time of making it, was of unsound mind and incapable of transacting any business whatever, and did not know what she was doing, which facts were known to the grantee.   Daphne Minard died March 1, 1901, since which time plaintiff has been in the exclusive possession of the property.   The prayer was for the cancelation of the deed to Julius, which had been recorded, and for other relief.   The trial court sustained a demurrer to the petition and plaintiff brings this proceeding to review such ruling.

It is argued in support of the judgment that plaintiff's contract with the Minards was within the statute of frauds, but the fact that she made permanent improvements on the property upon the strength of it is a sufficient answer to this contention.

It is further urged that plaintiff was herself without title and that the case is controlled by the principle that a subsequent grantee cannot attack a prior deed of his grantor for fraud or want of consideration.   It is not necessary at this time to consider what rights

plaintiff acquired under her agreement. While she does claim to have acquired title to the property upon the death of Daphne Minard, and not sooner, her services had been rendered, and improvements made, in reliance upon her agreement with the Minards, before execution of the deed. But apart from this consideration the rule invoked does not reach this case. The action is not an attack upon a deed voidable for fraud and want of consideration, but an effort to clear the record of an apparent deed that is in fact no deed at all, because made by an insane grantor to a grantee who knew of her incapacity and who gave nothing for it. True, it is said that as a general rule a deed made by a person of unsound mind who has not been judicially declared insane is not wholly void. (9 A. & E. Encycl. of L., 2d ed., 119, 120.) But this rule grows out of practical considerations and is for the benefit of innocent grantees for value. One who takes a deed, paying nothing for it, and knowing the grantor to be insane, is not within its reason and is not protected by it. The caution with which this court has held that the deed of an insane person can ever be treated otherwise than as absolutely void confirms this. (See *Gribben, Guardian, v. Maxwell*, 34 Kan. 8, 7 Pac. 584, 55 Am. Rep. 233, and cased there cited.) Whatever other basis of title plaintiff may have or may lack, she is in possession under a claim of ownership. This in itself constitutes title in a low degree. (*Christy v. Richolson*, 48 Kan. 177, 29 Pac. 398.) It is sufficient to give plaintiff standing to bring an action against defendants, who have no title at all. (*Giltenan v. Lemert*, 13 Kan. 476.)

The judgment is reversed, with direction to overrule the demurrer.

All the Justices concurring.