JOHNSON *v.* SEELY *et al.**

(Division B. April 20, 1925.)

[103 So. 499. No. 24771.]

1. WILLS. *Instrument held a deed conveying in praesenti a remainder, and not a will.*

An instrument, designated a deed, acknowledged, delivered, and recorded, *held* to be a deed, conveying *in praesenti* the remainder estate in specifically described lands, reserving to the grantor the use and possession for life, and not to be testamentary.

2. DEEDS. *Conveyance of remainder, reserving right of possession and use for life, permissible.*

Deed conveying *in praesenti* the] remainder, reserving right of possession and use of the land during grantor's life, is permissible.

---

*Headnotes 1. Wills, 40 Cyc., p. 1085; 2. Deeds, 18 C. J., Sections 286, 365.

APPEAL from chancery court of Lowndes county.
HON. T. P. GUYTON, Chancellor.

Suit between Ransom Johnson and Mary Eliza Seely and others. From the decree, the former party appeals. Affirmed.

*Lincoln & Lincoln*, for appellant.

The question is: Is the instrument before the court, in this case, a deed or is it an instrument, testamentary in character? A question which has often been asked in similar cases, and as often answered. The instrument shows and speaks for itself; there being no parol testimony in reference to it.

. It has been settled and held by this court time and again that in determining whether an instrument is a deed or a will, the controlling question is: Did the maker intend to convey any estate or interest whatever to vest before her death, and upon the execution of the writing? Or, on the other hand: Did she intend that all the interest and estate attempted to be conveyed, should take effect only after her death? If the former is meant, it is a deed; if the latter, a will; and it is wholly immaterial whether she calls it a will or a deed, the instrument will have operation according to its legal effect.

The instrument shows that it was intended by the maker as a testamentary disposition of all her estate, by designating "all of the property of every kind which she may die seized and possessed of or may own at time of my death," and not to take effect only after her death, and it vested no present interest. *Wall* v. *Wall*, 30 Miss. 91; *Sartor* v. *Sartor*, 39 Miss. 760; *Cunningham* v. *Davis*, 62 Miss. 366; *Simpson* v. *McGee*, 112 Miss. 344, 73 So. 55; *Thomas* v. *Byrd*, 112 Miss. 642, 73 So. 725; *Cox* v. *Reed*, 113 Miss. 488, 74 So. 330; *Martin* v. *Graham*, 114 Miss. 664, 75 So. 447; *Kelly* v. *Covington*, 119 Miss. 658, 81 So. 485; *Knight* v. *Knight*, 133 Miss. 74, 97 So. 481.

We respectfully submit that the instrument in controversy is a will and not a deed and, as a will, it is void, not having been executed according to law.

*Owen & Garnett,* for appellees.

IS IT A DEED OR A WILL? The instrument was drawn, manifestly, by one of those old school conveyancers who delighted in the forms and terminology of the common law. Let us analyze its terms. The words "stand seized to the use of my said daughter and do convey and enfeoff," have a definite meaning. "Convey" is found in every deed, including the statutory form provided by section 2816 of the Code of 1906.

"Enfeoff" is to convey the feoffment. "It signified originally a fee or fued; but it came in time to signify the grant of a free inheritance in fee, respect being had rather to the perpetuity of the estate granted, than to the feudal tenure." 2 Bouvier's Law Dictionary, 1206 (Rawle's Third Revision). For: "Covenant to Stand Seized to Uses," see 1 Bouvier's Law Dictionary, 722 (Rawle's Third Revision); 8 R. C. L. 1121, 183 et seq.

There is nothing in the Mississippi authorities which conflicts with the foregoing principles. See *Exum* v. *Canty,* 34 Miss. 533, 569; *McDaniel* v. *Johns,* 45 Miss. 632, 641; *Wall* v. *Wall,* 30 Miss. 91.

II. RULES OF CONSTRUCTION APPLIED TO INSTRUMENT. Let us consider the instrument in question in the light of the foregoing authorities, and particularly of *Wall* v. *Wall,* relied on by appellant. It contains the "proper and technical words" mentioned in 8 R. C. L. 1123; that is: "I do here and now stand seized to the use of my said daughter," etc.

It conveys an estate *in praesenti*; that is: "I do here and now stand seized to the use of my said daughter and do convey and enfeoff my said daughter with the following described lands." To "convey and enfeoff" is to convey to her the fee.

It recites as a consideration "natural love and affection" for the grantor's daughter, which was the usual consideration in covenants to stand seized to the use of another.

It is stronger as a deed than the instrument construed in *Wall* v. *Wall,* because there is no reservation of a power to revoke, as was the case in *Wall* v. *Wall;* and it was actually delivered and recorded, and not left among the grantor's papers, as was the instrument held to be a deed in *Wall* v. *Wall.*

But it was not to take effect "in possession" until the death of the grantor, who retained the "ownership and use" of said property "during my life." Search all of the cases in which instruments in the form of a deed were held to be testamentary in character, and not in one of them will you find the words, "this instrument is not to take effect in possession" till the grantor's death, or any similar words; and those words, in connection with the words in the granting clause, "I do here and now stand seized to the use of my said daughter and do convey and enfeoff my said daughter with the following described lands," leave no doubt that the intention was to convey to the daughter, *"in praesenti,"* the remainder in fee, reserving to the grantor the use of the property for life. "A covenant to stand seized to uses is an effectual mode of conveying land, and by it a freehold may be made to commence *in futuro."* 18 C. J. 154 (27).

Neither would testamentary language in a deed prevent it, in every instance, from taking effect as a deed, "An instrument may be impressed with a double character. Thus it may be a deed as to certain property regarding which it conveys a present interest, yet it may operate as a will as to other property; for instance, a party may in one single document convey a present interest in property to one person, either as a gift or for a consideration, and then in the same document bequeath or devise other property to the same person or to another." 1 Alexander on Wills, 70; *Burlington University* v. *Barrett* (Io.), 92 Am. Dec. 376; *Robinson* v. *Schley,* 6 Ga. 526; *Taylor* v. *Kelly* (Ala.), 68 Am. Dec. 150.

HOLDEN, P. J., delivered the opinion of the court.

This suit involves the question of title to seventy acres of land conveyed to the appellees in an instrument to be hereinafter set out, and the determination of the question depends upon whether the instrument is a deed or a will. If it is a deed, then the appellees must prevail in title; on the other hand, if it is an instrument testamentary in character, it is void, and the appellant must prevail.

We here set out the instrument in full, which reads as follows:

"Elizabeth Lang to Mary Eliza Seely. Deed.

"The State of Mississippi, Lowndes County.

"This deed of gift and conveyance made this the day and date hereinafter written, witnesseth, that I, Elizabeth Lang, for and in consideration of the natural love and affection which I have for my daughter, Mary Eliza Seely, I do hereby and now stand seized to the use of my said daughter and do convey and enfeoff my said daughter with the following described land, to-wit: The eighty acres of land lying in section eight (8), township nineteen (19), range seventeen (17) west, said land being particularly described in the deed conveying said land to me by W. S. Newby on the 7th day of December, A. D. 1901, which deed so made to me by W. S. Newby is recorded in Deed Book 83, page 252, of the Records of Deeds for Lowndes County, Mississippi, in which county all of said land is situated. But I except from this conveyance the ten acres of land this day conveyed to Balma Colvin, the said ten acres being part of the eighty acres above conveyed. I also stand seized to the use of, on the above mentioned consideration, and convey to my said daughter all the property of every kind which I may die seized and possessed of or may own at the time of my death. To have and to hold unto the said Mary Eliza Seely (after my death, and this conveyance is not to take effect in possession and personally only until after my death, having and retaining all ownership and

use of all said property during my life), and unto the heirs of the body of the said Mary Eliza Seely in strict entail forever, it being the intention hereof that the inheritance shall be subject to the limitations of an entail, and only vest free of such limitation in the children of the said Mary Elizabeth Seely as they respectively become of age of twenty-one years.

"In testimony and confirmation of all which, witness my hand this 7th day of January, A. D. 1904.

her

"ELIZABETH x LANG."

mark

The only controversy before us is with reference to the eighty-acres (less ten acres) in section 8, township 19, range 17 west. The decision of the chancellor with reference to any other property mentioned in the instrument is not complained of on the appeal, and therefore we shall consider and dispose of the question only as to the seventy-acres involved.

We think the instrument is a deed, and conveys *in præsenti* the remainder estate to appellee, the possession and enjoyment to take effect at the death of the grantor. It seems clear to us that the grantor intended to convey title to the grantee, with the reservation of the use and possession in the grantor during her life. The instrument is designated as a deed, acknowledged, delivered, and recorded, is not testamentary in character, and is a valid conveyance of the fee in remainder.

Such a conveyance, wherein the grantor reserves the right of possession and use during her life, is authorized under the laws of our state, and is a present passing of the remainder. See *McDaniel* v. *Johns,* 45 Miss. 632. The land in this case is specifically described, and the title to the remainder estate in it was intended to be conveyed upon the execution and delivery of the deed. The instrument was not testamentary, because the title had passed to the remainderman before the death of the grantor, and

it only remained for the grantee to take the possession and enjoyment at the death of the grantor.

In view of the conclusion reached, the decree of the lower court is affirmed.

*Affirmed.*