GRAHAM *et al. v.* TRIPLETT *et al.**

(Division A.   Nov. 21, 1927.)

[114 So. 621.   No. 26681.]

WILLS.  *Instrument conveying land, postponing possession and use of land by grantee until grantor's death, was valid "deed," not a "will"* (*Hemingway's Code* 1927, *section* 2421).

Instrument granting, bargaining, and conveying to grantee and her heirs and assigns forever, to have and to hold, after grantor's death, certain real property, containing no provision prohibiting it from taking effect until grantor's death, but simply postponing possession and use of land by grantee until grantor''s death, was a "deed," not a "will," and was valid, under Code 1906, section 2763 (Hemingway's Code 1927, section 2421).

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1086, n. 49; p. 1087, n. 51. As to effect on validity and character of instrument in form of deed, of provision there indicating intention to postpone or limit the right of grantee until after death of grantor, see annotation in 11 A. L. R. 23; 28 R. C. L. 62; 4 R. C. L. 1798; 6 R. C. L. Supp. 1703.

APPEAL from chancery court of Noxubee county.

HON. T. P. GUYTON, Chancellor.

Suit by B. O. Triplett and others against Mary V. Graham and others. A demurrer to the bill of complaint was overruled, and defendants appeal. Affirmed and remanded, with leave to answer.

*W. W. Magruder* and *L. L. Martin,* for appellants.

We think that an interpretation of this instrument will come under the rule announced in the case of *Cox* v. *Reed,* 113 Miss. 488, viz.: "Where an instrument is plain and unambiguous and the intention of those who executed it is ascertainable from a reading thereof, parol evidence as to such intention is not admissible." The test to determine whether an instrument is a will or deed was stated in the case of *Knight et al.* v. *Knight,* 97 So. 481, in which this court speaking through Judge ANDERSON said:

"In determining whether an instrument is a deed or a will the controlling question is: Did the maker intend to convey any estate or interest whatever to vest before his death, and upon the execution of the writing? or on the other hand: did he intend that all the interest and estate in the land attempted to be conveyed should take effect only after his death? If the former, it is a deed; if the latter, a will. It is wholly immaterial whether he calls it a will or a deed, for the instrument will have operation according to its legal effect," citing *Wall* v. *Wall,* 30 Miss. 91, and other authorities.

In this case we have an instrument for interpretation —which as we believe is different from other cases involving the question presented in this case. In any event, we have been unable to find a case where a similar instrument has been interpreted by any of our courts. For instance, in this particular case the words "to have and to hold" are included in the premises of the instrument, and is out of its technical position for the *habendum* clause of an ordinary deed. For this reason we do not believe that in interpreting this instrument these words would have the same force and effect as they would have if they had been placed in the usual *habendum* clause, but the intention of the grantor will have to be gathered from the instrument as a whole without resort to technical meaning of the words. 8 R. C. L., p. 97.

From a reading of this instrument it is readily recognized that it was written by an uneducated person, unused to technical words or language, and that it was not her intention in using them that they have any technical meaning. She states in her own way that she conveys this land to grantee ''to have and to hold after my death.'' The consideration is love and affection, and then in conformity with our Mississippi law she has the instrument witnessed by two witnesses, which are required to all wills. The fact that she merely executed the instrument before witnesses we think should be considered in an effort to ascertain the real intention of the maker and as to whether she thought it a will or deed. After the execution of the instrument in question she did in fact execute a will conveying the same property.

In *Shaull* v. *Shaull,* 11 A. L. R. 15, and also from pages 5 to 106, inc., of the same volume will be found a very comprehensive discussion of the principles of law involved in this case and as to when an instrument has been construed as a will and when as a deed under various circumstances and in different states. However, in none of these notations have we been able to find a case that is in point with the instant case. But from the application of the rules laid down in those cases so far as they apply to the instant case, and after considering the wording of the instrument as a whole, we believe that our demurrer should have been sustained, and that this instrument under consideration is testamentary in character.

*I. L. Dorroh* and *Strong & Bush,* for appellees.

We believe that the instrument of February 5, 1912, is clearly a deed, and that the grantor on the date of its execution had no other purpose in mind than the execution of a deed to Mary M. Triplett. If there is any doubt in the mind of the court that the said instrument

is a deed or of counsel for appellants in the last clause
of their brief when they assert: ''The interpretation
of this instrument presents a very interesting and close
problem,'' then the demurrer should have been over-
ruled and the complainants in the court below allowed
to introduce testimony of the circumstances attending
the execution of the said instrument.

This question is ably discussed in 8 R. C. L., pages
931 to 933, and the rule laid down as follows: ''The
meaning is to be obtained where there is a doubt of the
instrument being a will or a deed in the following man-
ner:

''First, from the language of the instrument in light
of attending circumstances,

''Second, extrinsic evidence of the maker's intention
but intention, plainly expressed, cannot be contradicted
by parol.''

A voluntary instrument, purporting on its face to be
a deed by which land and slaves are conveyed, by terms
in the present tense, but reserving a power of revoca-
tion to the maker, to be exercised in a certain specific
mode, at any time during his life, and also declaring
that it should not take effect as to delivery of the prop-
erty until the maker's death, vests in the donees an
estate, *in praesenti*, to be enjoyed *in future* and is there-
fore a deed and not a will. *Wall* v. *Wall*, 30 Miss. 91;
Also, see, *Edwards* v. *Smith*, 35 Miss. 197.

A will is an instrument by which one makes a dispo-
sition of property to take effect after his death. In its
nature it is ambulatory and revocable during his life.
An instrument which conveys to the grantee a present
interest though to be enjoyed in the future, is a deed
and not a will. *McDaniels* v. *Johns*, 45 Miss. 632.

A writing not attested as a will but acknowledge as
a deed conveying a life estate followed by the words, ''I
Will'' a second life estate to a daughter and providing
that after the death of the daughter the property goes
to her children and their heirs and assigns forever'' is

not a will but a deed to a second life estate as well as to the first one. *Brinson* v. *Standifer,* 90 Miss. 41.

As to instruments containing a provision similar to the one in the case at bar, See *Cox* v. *Reed,* 74 So. 330; *Kelly* v. *Covington,* 81 So. 485; *Nolan* v. *Otney,* 9 L. R. A. (N. S.) 317, where the identical question as presented to this court was at issue.

A great deal has been said in this controversy about "to have and to hold." 2 Bouvier's Law Dictionary (Ralls 3rd Ed.) p. 1426, *"Have,* see *habendum;"* p. 1404 *Habendum*: "The clause following the granting part of the premises of a deed which defines the extent of the ownership in the thing granted, to be held and enjoyed by the grantee. It commences with the words, "to have and to hold" *habendum* and *tedendum.* It is not an essential part of the deed but serves to qualify, define, and control it."

Webster's Dictionary says, "Have," to be in possession of or control of, own, possess and other meanings. "Hold," to retain in any way. To retain by ownership and control of. We gather that, "to have and to hold" introduces the *habendum* clause, and in this case although it is in the wrong place according to established usage, that it is still the *habendum* clause. "To have and to hold after my death" in this instrument following the granting words in the granting clause and for this deed constitutes the *habendum* clause.

In *Guthrie* v. *Guthrie,* 105 Ga. 86, the *habendum* says: "to have and to hold forever in fee simple after the death of the grantor;" held to be a deed; In *Owen* v. *Williams,* 114 Ind. 179, where the statement is in the granting clause "conveying and warranting after my death" is held to be a deed; So in *Kytle* v. *Kytle,* 128 Ga. 387, an instrument in the form of a deed conveying certain described lands and recites: "Together with all the rights and privileges thereunto belonging at my death forever in fee simple;" is held to be a deed.

In *Hart* v. *Gardiner,* 20 So. 877, Judge WHITFIELD, in a most able opinion, sets out, that the intention of the party executing the instrument is to be obtained from the whole instrument. He states that the office of the *habendum* is to limit and define the estate which the grantee is to have in the property. See, also, *Robinson* v. *Paine,* 58 Miss. 690; *Rogers* v. *Rogers,* 43 So. 434; *Johnson* v. *Seely,* 103 So. 499; *Abney* v. *Moore,* 106 Ala. 131.; 18 So. 60; *Soria* v. *Harrison County,* 50 So. 443; *Knight* v. *Knight,* 97 So. 481, and cases therein referred to; *Thomas* v. *Byrd,* 73 So. 725; *Simpson* v. *McGee,* 73 So. 54; *Meyers* v. *Viverett,* 110 Miss. 334; *Atkinson* v. *Sinnott,* 7 So. 289; *Y. & M. V. R: R.* v. *Lakeview Traction Company,* 56 So. 393.

We feel that nothing that we could say would add to the very splendid notes contained in *Shaull* v. *Shaull,* 11 A. L. R. 15.

SMITH, C. J., delivered the opinion of the court.

The appellees, heirs at law of Mary M. Triplett, deceased, filed this suit against the appellants for the purpose of obtaining the cancellation of a claim by the appellants to land claimed by the appellees as a cloud on their title thereto. The bill alleges, in substance, that in February, 1912, Mrs. M. R. Burch, the then owner of the land, executed and delivered to Mary M. Triplett an instrument in writing, alleged to be a deed, which reads as follows:

"Know all men by these presents that for and in consideration of the natural love and affection I have and do bear towards Mary M. Triplett, wife of. B. O. Triplett, I hereby grant, bargain, and convey to her and her heirs and assigns forever, to have and to hold after my death the following described property, to-wit, lying and being in said county of Noxubee, and state of Mississippi, being the East one-half of West one-half, less Northwest quarter, Southeast quarter, Southwest quar-

ter, section 35, township 16, Range 15, containing one hundred fifty acres, more or less,"

Mary M. Triplett then lived, and for a number of years thereafter continued to live, with Mrs. Burch on the land described in the instrument. In July, 1925, Mrs. Burch devised the land to the appellants by will, which was probated after her death, under which they claim and are asserting title to the land. A demurrer interposed by the appellants to the bill of complaint was overruled, and they have appealed to this court for the purpose of settling the principles of the case.

The appellants' contention is that the instrument executed and delivered by Mrs. Burch to Mary M. Triplett in February, 1912, is a will, and not a deed, and was therefore revoked by the later will executed by Mrs. Burch. This instrument is a deed in form, contains no provision prohibiting it from taking effect until the grantor's death, but simply postpones the possession and use of the land by the grantee until the death of the grantor; it is therefore a deed in fact and valid, under section 2762, Code of 1906 (Hemingway's Code 1927, section 2421). *Wall* v. *Wall,* 30 Miss. 91, 64 Am. Dec. 147; *Simpson* v. *McGee,* 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; *Cox* v. *Reed,* 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; *Kelly* v. *Covington,* 119 Miss. 658, 81 So. 485; *Stubblefield* v. *Haywood,* 123 Miss. 480, 86 So. 295.

Affirmed and remanded, with leave to the appellants to answer the bill within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*