TAPLEY *v.* McMANUS.

(Division A.  May 11, 1936.)

[168 So. 51.  No. 32251.]

A. A. Cohn, of Brookhaven, and L. Barrett Jones, of Jackson, for appellant.

M. S. McNeil, of Hazlehurst, and J. Morgan Stevens and J. M. Stevens, Jr., both of Jackson, for appellee.

Argued orally by **J. M. Stevens, Jr.,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree canceling a written instrument executed by the appellee to the appellant reading as follows:

"This indenture made and entered into this the 12th day of March, A. D. 1931, by and between W. H. Mc-Manus, of the first part, and Della McManus Tapley, party of the second part, Witnesseth, That the said party of the first part, for and in consideration of love and affection, and the sum of Ten ($10.00) Dollars, cash in hand paid by the party of the second part (the receipt whereof is hereby acknowledged) hereby grants, bargains, sells, conveys and warrants to said party of the second part, a certain tract of land situated in the County of Copiah and State of Mississippi, and more particularly described as follows, to-wit (description omitted). Said conveyance to take effect and be in force from and after the date of the death of the party of the first part.

"To have and to hold the above described premises, together with all and singular the improvements and appurtenances thereunto belonging or in any way appertaining, to the party of the second part, her heirs and assigns forever.

"Witness my signature this the 12th day of March, 1931."

This instrument was acknowledged and recorded.

The bill alleges, in substance, that the instrument conveys no present interest in the land, and cannot take effect as a deed because it expressly provided that the instrument, itself, shall "take effect and be in force from and after the date of the death" of the maker; that the appellant is asserting to the contrary, and is attempting to interfere with the appellee's use and occupation of the land. The prayer of the bill is for the cancellation of the instrument.

The case was heard on bill and answer denying that the instrument does not convey a present interest in the land, and asserting that the appellant was not attempting to interfere with the appellee's use and occupation of the land, and a decree was rendered in accordance with the prayer of the bill.

This court has several times, heretofore, held that an instrument, though in form a deed, which provides that the instrument itself shall not become effective until the death of the maker is testamentary in character and, therefore, cannot operate as a deed. Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147; Cunningham v. Davis, 62 Miss. 366; Simpson v. McGee, 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; Cox v. Reed, 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; Kelly v. Covington, 119 Miss. 658, 81 So. 485; Knight v. Knight, 133 Miss. 74, 97 So. 481. This holding is in accord with numerous authorities elsewhere, as will appear from the citations in a note to Shaull v. Shaull, 11 A. L. R. at page 92. Cf. Rogers v.

Rogers (Miss.), 43 So. 434, and Id. (Miss.), 43 So. 946, and Graham v. Triplett, 148 Miss. 299, 114 So. 621.

The appellant, however, says that the habendum clause in the instrument takes it out of the operation of that rule, and demonstrates that it was intended to convey a present interest. This clause contains no language conflicting with, or in any way modifying, the express provisions of the instrument that it shall "take effect and be in force after the date of the death" of the maker. "The office of the habendum is to limit and define the estate which the grantee is to have in the property granted," 18 C. J. 187, and not to provide when the instrument itself shall take effect.

The appellant further says that the cases hereinbefore cited should be overruled for the reason that they are in conflict with section 2110, Code 1930, which provides that "any interest in or claim to land may be conveyed to vest immediately or in the future;" but, as pointed out in Martin v. Graham, 114 Miss. 563, 75 So. 447, and Kelly v. Covington, supra, while land, under the statute, may be conveyed to vest immediately, or in the future, the instrument conveying it must take effect in præsenti, the maker parting with all right to thereafter dispose of the land otherwise.

Affirmed.