SMITH *et al. v.* BUFFINGTON.

(Division B. Nov. 23, 1936.)

[170 So. 816. No. 32409.]

Loving & Loving, of Columbus, for appellants.

**Sturdivant & Holloman,** of Columbus, for appellee.

892

**Anderson, J.,** delivered the opinion of the court.

There is involved in this case the title to a house and lot situated in the city of Columbus in Lowndes county. The decision of the case turns upon whether the instrument under which appellants claimed title is a deed or a will. The consideration in the instrument was one dollar and love and affection. It purports to convey the title to the grantees, their heirs and assigns, "together with appurtenances to said premises belonging, and all estate title and interest both at law and equity of the party of the first part in the same. . To have and to hold the said granted premises with the appurtenances unto the party of the second, his heirs and assigns forever

in fee simple," and concludes with the following proviso:

"Provided, nevertheless, that this deed shall not take effect or be of any force whatever during the lifetime of the said Alice A. Buffington, but immediately upon her death the same shall be of full force and effect." The chancellor held that the instrument was a will—not a deed. Under the decision in Tapley v. McManus (Miss.), 168 So. 51, and the previous decisions of our court referred to in that opinion, the chancellor could have reached no other conclusion. The proviso, in plain and unambiguous terms, delayed the taking effect of the instrument until the death of the grantor. It was held in the cases referred to that an instrument in the form of a deed not to become effective until the death of the maker is a will, and not a deed.

Affirmed.