Mims *et al. v.* Williams *et al.*

(In Banc. April 27, 1942.)

[7 So. (2d) 822. No. 34946.]

**S. C. Mims, Jr.,** and **W. B. Nichols,** both of Grenada, for appellants.

**Marshall Perry,** of Grenada, for appellees.

**McGehee, J.**, delivered the opinion of the court.

Prior to his death in January, 1940, Henry Williams executed a last will and testament wherein he devised and bequeathed to his sole heirs at law, Ben Williams, a nephew, and Beula Grigsby, a niece, all of his small estate, both real and personal, consisting of a house and lot in the City of Grenada and his household goods, and named the appellant S. C. Mims, Jr., as executor thereof. He had previously executed an instrument of writing in the form of a deed which will be hereinafter set forth, and whereby he undertook to convey the house and lot to the nephew alone and the household goods to the niece. At that time the said Henry Williams was indebted to the appellant H. H. Marter on a promissory note for the sum of $250, which still remains unpaid.

Shortly after the death of Henry Williams the appellants filed their petition asking that the house and lot be sold to pay the expenses of administration of the estate and the above mentioned probated claim, alleging that the testator had died without being survived by a wife or any children or grandchildren and that his property was liable and that he was seized and possessed of said property at the time of his death; that the instrument whereby he had undertaken to pass the title of the house and lot to the appellee Ben Williams at the death of the grantor is void and inoperative as a deed and is testamentary in character; and the petition prayed that said instrument be cancelled as a cloud upon the title of the estate in said house and lot and that said property be sold for the purposes hereinbefore mentioned. In answer to this petition the appellee Ben Williams did not specifically deny the indebtedness in favor of the said H.

H. Marter and his answer therefore admitted that the same is a valid claim against any estate of which the said Henry Williams died seized and possessed. The instrument sought to be cancelled as a cloud upon the title of the estate in the said house and lot is filed as an exhibit to the petition of the appellants and is in the following form:

"For and in consideration of ($1.00) one and no/100 dollars cash in hand paid, receipt of which is hereby acknowledged, and the love and affection I have for Ben Williams, I, Henry Williams, convey and warrant unto Ben Williams, the following described land, lying and being situated in the City and County of Grenada, and State of Mississippi, to-wit: (Describing the lot in the City of Grenada on which his residence was located.)

"Grantee to have possession of said property during his natural life and at his death the title to same shall vest in the said Ben Williams. Beula Rosemand to have possession of all household goods at death of grantee.

"Witness my signature, this the 29th day of June, A. D. 1938."

It seems clear that the recital contained in the foregoing instrument, to the effect that "grantee to have possession of said property during his natural life and at his death the title to same shall vest in said Ben Williams," was intended to mean that the grantor was to have possession of the property during his natural life and that the title should then vest in the grantee Ben Williams at the death of the grantor, since the vesting of the title in Ben Williams at his own death would be of no avail to him. This conclusion is also supported and strengthened by the further recital that "Beula Rosemand to have possession of all household goods at death of grantee." Since she was to be the grantee of the household goods they would be of no value to her if she was not to have possession of them until she died. This recital evidently means that Beula Rosemand was to have possession of the household goods at the death of the grantor.

The answer of the appellee averred that the real consideration for the foregoing conveyance was that the said Ben Williams waited on and constantly attended his uncle Henry Williams from February, 1938, until his death in January, 1940; that the defendant expended certain sums of money for medical care, nurse hire and to defray the funeral expenses of the deceased; and that after going into possession of the property, which we infer from the pleadings was after the death of the deceased, he expended the sum of $70 for repairs thereon, and avers that in the event the court should hold that the purported deed is invalid he should be reimbursed from the proceeds of the sale of the property the expenses incurred by him during the life of the testator, as hereinbefore mentioned, and for funeral expenses together with the amount expended for the repairs made on the property, but the answer is not made a cross-bill.

If the instrument relied upon by the appellee Ben Williams is testamentary in character then his answer constitutes no defense to the petition for a sale of the property to pay the expenses of administering the estate and the probated claim of the appellant H. H. Marter, and in such event the action of the court below in overruling the motion of the appellants to strike the answer would constitute error. Section 371, Griffith's Chancery Practice.

A part of the claim of the appellee Ben Williams is not required to be probated and since the case must be reversed and remanded for the reasons hereinafter stated, we pretermit the expression of any opinion as to the right of the said appellee to be reimbursed from the proceeds of the sale of the property for the full amount of his claim, since that question must be determined under the proof upon the hearing, and it does not affect the right of the appellants to have the property sold for the purpose of paying the expenses of administration, the probated claim of the appellant Marter and any other claims that are proper from such proceeds.

Coming now to the question of whether the instrument of writing hereinbefore quoted is sufficient to convey the purported grantee Ben Williams a present interest, an estate in praesenti, though to be occupied and enjoyed in futuro, we are of the opinion that the same was intended to reserve both the possession and the title in the purported grantor, Henry Williams, until his death; that the grantor in providing that he (the grantor) was to have possession of said property during his natural life and that "at his death the title to same shall vest in the said Ben Williams," he did not intend to immediately vest the remainder, but that it should become vested at his death. The true character of an instrument, as to whether it be a will or a disposition of the property inter vivos, is to be determined from its provisions, whatever may be its form; and hence, if an instrument be in form of a deed, yet, it appears on its face that it is to have no effect until after the death of the maker, it will be construed to be a will. Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147; Sartor v. Sartor, 39 Miss. 760; Simpson v. McGee, 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; Cox v. Reed, 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; Kelly v. Covington, 119 Miss. 658, 81 So. 485; Knight v. Knight, 133 Miss. 74, 97 So. 481; 11 A. L. R. 92; Tapley v. McManus, 175 Miss. 849, 168 So. 51; Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892. It is true that the instrument itself now under consideration does not specifically state that the conveyance is to take effect and be in force at the time of his death, but it does specifically provide that the title which is to vest in the purported grantee Ben Williams shall vest in him at the death of the grantor, and we think that this evidences an intention on the part of the purported grantor that the instrument is to take effect at the time of his death. In other words, that it is not to take effect before the death of the purported grantor. Since he reserves unto himself the possession of the property during his own natural life and then provides that "at his death

the title to same shall vest in the said Ben Williams'' there was no estate in praesenti conveyed to the said purported grantee. Instead of immediately vesting the title in remainder in the said Ben Williams the instrument provides in effect that such title as is intended to be vested in him is to become vested at the death of the purported grantor.

The case will, therefore, be reversed and remanded for such other proceedings as may be consistent with this opinion.

Reversed and remanded.