COULTER *et al. v.* CARTER *et al.*

(In Banc. May 27, 1946. Suggestion of Error Overruled Sept. 23, 1946.)

[26 So. (2d) 344. No. 36133.]

Hall & Hall, of Columbia, and Martin & Farr, of Prentiss, for appellants.

136

Sullivan & Sullivan and **T. Price Dale,** all of Hatties-burg, **Livingston & Livingston,** of Prentiss, and **Brunini, Brunini & Everett,** of Vicksburg, for appellees

Argued orally by **G. L. Martin,** for appellants, and by **E. L. Brunini,** for appellees.

**Griffith, J.,** delivered the opinion of the court.

The question, and the only question, submitted for decision in this case is whether the instrument which is here copied in full is a deed or whether it is testamentary in character. The instrument, which was duly signed and acknowledged by the grantors and delivered to be recorded, is in the following words and figures:

"For and in consideration of the sum of $1.00 cash in hand paid the receipt of which is hereby acknowledged, and the further consideration of love and affection we have for our daughter, We, J. J. Coulter and wife, Mrs. N. J. Coulter, do hereby bargain, sell, convey and warranty unto Eliza Coulter the following described lands situated in Jefferson Davis County, Mississippi, to-wit: SE¼ of the SE¼ less 10 acres in the NE corner and 2½ acres on the North side and the SW¼ of the SE¼ Section 20, Tp. 9 R 18 and the N½ of the NE¼ less 5 acres Sec. 29, Tp. 9 Range 18 containing 142½ acres more or less. It is understood between the parties hereto that the grantors are to have the possession, control and occupancy of said lands during their natural life, and at their death the title to said lands shall vest in the said Eliza Coulter, but not until the death of both grantors herein, does the title pass.

"Witness our signatures this the 3 day of May A. D. 1921."

The fundamental difference between a deed and a will is that in order to be a deed the instrument must convey some estate of some kind effective upon the delivery of the instrument, whereas if no title of any kind is to pass until the death of the grantor or grantors, the instrument is testamentary in character and must be authenticated and probated as a will, else it will be inoperative.

There are more than twenty reported cases in this State wherein the question now before us has been directly involved, but the case which comes nearest to the present is Mims v. Williams, 192 Miss. 866, 7 So. (2d) 822, and so

near that a sound distinction between them cannot be made. In that case the instrument was held to be testamentary in character; and we are of the opinion that the decision there is controlling here, and that accordingly the decree, which was to the opposite effect, should be reversed and the cause remanded.

So ordered.

### Dissenting Opinion.

**Sydney Smith, C. J.**, delivered a dissenting opinion.

This instrument was signed, acknowledged and recorded as, and its makers died thinking it was, a deed, and it is manifest from its face that the grantors therein intended it to be such and by it to convey the land described therein to the grantee with a reservation to themselves of the use and occupation thereof "during their natural lives." This they had the right to do. Section 831, Code 1942; McDaniel v. Johns, 45 Miss. 632. And their intention should be given effect unless in attempting to express it they used words of such a fixed and technical contrary meaning as to prevent this from being done. Such is not the case.

The test as to whether an instrument is a deed or a will is whether the instrument itself takes effect before or after the death of the grantor. If the first, it is a deed, if the second, it is a will. The words in this instrument which are claimed to have the effect of preventing the instrument itself from becoming operative until after the death of the grantors are: "The grantors are to have the possession, control and occupancy of said lands during their natural lives, and at their death the title to said lands shall vest in the said Eliza Coulter, but not until the death of both grantors herein, does the title pass." The key and determinative word here is "title," which has various meanings dependent on the context in which

it appears. In the law of real property it may mean possession, right of possession, or right of property, or all combined, depending also on the context in which it appears. It is clear to me that it was intended here to mean "right of possession," for it follows immediately after the reservation to the grantors of the right to the possession of the property prior to their death. That clause of the deed, when the word "title" is so defined as its context here demonstrates that it should be, is the equivalent of "it is understood between the parties hereto that the grantors are to have the possession, control and occupancy of said lands during their natural lives, and at their death the right of possession to said lands shall vest in the said Eliza Coulter, but not until the death of both grantors here, does the right of possession pass." Such was the meaning given to provisions in deeds to the effect that title to the land conveyed should vest in the grantee at, but not before, the death of the grantor in Hald v. Pearson, 197 Miss. 410, 20 So. (2d) 71; and Watts v. Watts, 198 Miss. 246, 22 So. (2d) 625. These cases, and this opinion, are fully supported by the following cases cited by counsel for the appellee, in which a similar provision as to the vesting of the title to the land conveyed appears, Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147; Rogers v. Rogers (Miss.), 43 So. 434; Myers v. Viverett, 110 Miss. 334, 70 So. 449; Stubblefield v. Haywood, 123 Miss. 480, 86 So. 295; Johnson v. Seely, 139 Miss. 60, 103 So. 499; Graham v. Triplett, 148 Miss. 299, 114 So. 621; Carter v. Dabbs, 196 Miss. 692, 18 So. (2d) 747.

Mims v. Williams, 192 Miss. 866, 7 So. (2d) 822, relied on by counsel for the appellant, is in conflict with the later cases of Hald v. Pearson and Watts v. Watts, supra, is not supported on its facts by the cases therein cited and should not be followed here.

The decree of the court below should be affirmed.

DISSENTING OPINION.

**Roberds, J.**, delivered a dissenting opinion.

There is no doubt whatever that the parties to this instrument intended it to be, and thought it was, a deed. It contains the words of a deed and was acknowledged and recorded as such. In such case it is our duty to give it effect as a deed if we can do so without violating established rules of law and construction. I believe that can be done in this case.

In the first place, it will be noted that grantors are to have the possession, control and use of the premises by understanding of the parties. The word "understood," used in this regard in the instrument, signifies agreement, or consent, on the part of the grantee. That pre-supposes the grantee had the right to consent or dissent, to agree or disagree, to such possession and occupancy. She could only have that right if she had some vested interest in the property. If she possessed a vested interest it was alone by virtue of this deed and if the instrument conveyed to her such interest, that satisfied the requirement that an instrument to be a deed must vest some interest in præsenti.

Again, the word "title" has a varying meaning under different circumstances. Smith v. Bank of America Nat. Trust & Savings Ass'n, 14 Cal. App. (2d) 78, 57 P. (2d) 1363. It may signify the means by which an estate is acquired; the foundation of the ownership of property. Case v. Mortgage Guarantee & Title Co., 52 R. I. 155, 158 A. 724; Houston v. Farris, 71 Ala. 570; Pratt v. Fountain, 73 Ga. 261. It may confer only the right of possession— a title of low degree. Waller v. Julius, 68 Kan. 314, 74 P. 157. But it may, and usually does, mean full, complete, fee simple ownership as distinguished from other character of right to or interest in property. In re Pelis' Estate, 150 Misc. 918, 271 N. Y. S. 731; Smith v. Bank of America Nat. Trust & Savings Ass'n, supra; Gillespie

v. Broas (N. Y.), 23 Barb. 370; United States v. Hunter, C. C., 21 F. 615; Langmede v. Weaver, 65 Ohio St. 17, 60 N. E. 992.

Applying these rules to the wording of this instrument, and construing all of its provisions together, as is our duty, it vested in grantee an interest upon its execution, with the right of grantors to remain in possession by agreement of the parties, the full, complete fee simple title or ownership to vest |in grantee upon death of grantors. Suppose, instead of using the words "the title to the land shall vest" upon death of grantors, the parties had said "the fee simple title" shall so vest, we would likely not hesitate to give to the instrument the meaning suggested above. This, I think, is a reasonable and justified interpretation and undoubtedly carries out the intention of the parties, and distinguishes this case from Mims v. Williams, 192 Miss. 866, 7 So. (2d) 822.