# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-00528-SCT

*ESTATE OF ROSE GREER, DECEASED: JOHN*
*OAKS a/k/a JOHN OAKES*

*v.*

*LINDA GREER BALL*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2014 |
| TRIAL JUDGE: | HON. EDWARD E. PATTEN, JR. |
| TRIAL COURT ATTORNEYS: | JOHN R. REEVES |
| | WILLIAM D. BOERNER |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN R. REEVES |
| | JOHN JUSTIN KING |
| ATTORNEYS FOR APPELLEE: | WILLIAM D. BOERNER |
| | BRAD RUSSELL BOERNER |
| | JOE ROBERT NORTON, IV |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REVERSED AND REMANDED - 06/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    A provision in a lease stated that upon the lessor's death, the lessor's rights—primarily

the right to receive lease payments—transferred to the lessor's daughter, who was not a party

to the lease.  The lessor died, and the question presented under the facts of this case is

whether the provision of the lease or the provisions of the lessor's will determine the owner of the lease payments. We granted certiorari because this Court previously has not addressed testamentary provisions in a contract. Because we agree with the Court of Appeals that the conveyance was testamentary, and for the reasons stated below, we affirm the judgment of the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     Rose Greer leased land she owned in Lincoln County to David and Jene Nunnery. Section 3 of the lease—which extended until July 31, 2025, in automatically renewing one-year terms—stated:

> In the event of the death of the Lessor, this lease agreement shall not terminate, rather the rights and obligations of Lessor shall immediately be transferred to Linda Ball, who will also have the right to receive payments hereunder.

¶3.     Greer later executed a will leaving all her property to John Oakes and naming him executor of her estate. After Greer's death, Oakes filed a petition in the Chancery Court of Lincoln County to probate Greer's will. The chancellor admitted the will to probate and issued Oakes letters testamentary.

¶4.     Oakes—as executor—then filed a complaint for declaratory relief in the chancery court, asking the chancellor (1) to find Section 3 testamentary in nature and declare it invalid because it lacked the formalities of a will; (2) to determine whether the lease remained in effect after Greer's death; and (3) if enforceable, to determine Ball's rights and obligations

under the lease.[1]  Ball responded that Section 3 simply assigned Greer's rights, and that she was entitled to attorney's fees and costs.

¶5.     At the hearing, Oakes argued the chancellor should declare Section 3 invalid because it was testamentary in nature and lacked the formalities of a will, and because Ball was not an intended third-party beneficiary of the lease.  Ball argued that she was a third-party beneficiary of the lease, and that Section 3 was a valid assignment of Greer's rights and obligations.

¶6.     The chancellor concluded Section 3 was not testamentary and that it effectively assigned Greer's rights and obligations.  Oakes appealed the chancellor's decision, arguing the chancellor had erred by finding that the assignment was not testamentary.

¶7.     We assigned the case to the Court of Appeals, which reversed the chancellor's judgment, finding that Section 3 was testamentary and unenforceable.[2]  Ball petitioned this Court for writ of certiorari, which we granted.

**ANALYSIS**

¶8.     Since at least 1855, we have recognized that when an instrument, however styled, conveys an interest in property, but "the intention was, that it should have only a future operation after death," courts must treat the instrument as a will.[3]  But until today, our cases

---

[1] The complaint named both Ball and the Nunnerys as defendants. While the Nunnerys answered and filed a counterclaim alleging Oakes had interfered with their rights under the lease, the parties later agreed to dismiss all claims by and against the Nunnerys and to recognize the validity of the Nunnerys' lease.

[2] *Estate of Greer v. Ball*, 2016 WL 1739052, *4 (Miss. Ct. App. May 3, 2016).

[3] *Wall v. Wall*, 30 Miss. 91, 96 (1855).

3

have considered only its application to an instrument purporting to be a deed, so this case presents an issue of first impression. Section 3 of the lease contains language similar to that which has rendered deeds testamentary. But, unlike the purported deeds we have considered, this language appears in a contract with other provisions that took effect during the grantor's life.

¶9.    In *Ford v. Hegwood*, Justice Robertson, speaking for a unanimous Court, recognized that our precedent on this issue "is well settled in two complementary lines of cases."[4] First, when the instrument "contains its maker's provision that it makes no present conveyance of an interest in land or otherwise directs that the interest to be conveyed vests in the grantee only upon the death of the grantor, such an instrument is regarded as testamentary in character and is enforceable only if made in compliance with our statute of wills."[5] Second, "where the instrument conveys a future interest in land which vests in the grantee effective upon delivery of the deed, though reserving in the grantor a life estate, the effect of which is to postpone only the grantee's right of possession or occupancy, the instrument is a deed in law subject to our law appertaining thereto and may be effective notwithstanding failure to comply with the statute of wills."[6]

---

[4] *Ford v. Hegwood*, 485 So. 2d 1044, 1045 (Miss. 1986).

[5] *Id.* (citing *Peebles v. Rodgers*, 211 Miss. 8, 50 So. 2d 632 (1951); *White v. Inman*, 212 Miss. 237, 54 So. 2d 375 (1951); *Palmer v. Riggs*, 197 Miss. 256, 19 So. 2d 807 (1944); *Gaston v. Mitchell*, 192 Miss. 452, 4 So. 2d 892 (1942); *Ates v. Ates*, 189 Miss. 226, 196 So. 243 (1940); *Tapley v. McManus*, 175 Miss. 849, 854–55, 168 So. 51, 52 (1936); *Smith v. Buffington*, 176 Miss. 889, 170 So. 816 (1936)).

[6] *Ford*, 485 So. 2d at 1045 (citing *Buchanan v. Buchanan*, 236 Miss. 751, 756–57, 112 So. 2d 224, 226–27 (1959); *Tanner v. Foreman*, 212 Miss. 355, 54 So. 2d 483 (1951);

4

¶10.    The distinction turns on whether the instrument conveys any present interest to the grantee.[7]  It matters not that some additional interest may vest on the grantor's death.  For instance, we have found that a deed is not testamentary when the grantor retains a life estate and conveys the remainder interest to the grantee.[8]  This is so even though the grantee's possessory interest will not vest until the grantor's death because the grantee's legal interest vests at the moment of conveyance.

¶11.    Under Section 3 of this lease, Greer's rights and obligations under the lease do not vest in Ball—the grantee—until Greer's death: "In the event of the death of the Lessor . . . the rights and obligations of Lessor *shall* immediately be transferred to Linda Ball, who *will* also have the right to receive payments hereunder."[9]  The terms "shall" and "will" denote future events, and rights that "shall immediately be transferred" upon the occurrence of some future event are not actually transferred until the future event occurs.  So, Section 3 itself vests no right in the grantee until the grantor's death and, standing alone, would be testamentary.

---

**Watts v. Watts**, 198 Miss. 246, 22 So. 2d  625 (1945); **Graham v. Triplett**, 148 Miss. 299, 114 So. 621 (1927); **Johnson v. Seely**, 136 Miss. 60, 103 So. 499 (1925); **Stubblefield v. Haywood**, 123 Miss. 480, 86 So. 295 (1920); **Wall**, 30 Miss. at 96–100).

[7] **Peebles**, 50 So. 2d at 634.

[8] *See* **Tanner**, 54 So. 2d at 484 ("The instrument was executed and acknowledged in the form of a deed and duly delivered and the consideration therefor paid, and by its plain terms immediately vested the title to the land in the grantee, subject only to the reservation of the right of possession in the grantor, J. R. Foreman, so long as he lived. The instrument must, therefore, be given effect as a valid deed.").

[9] (Emphasis added.)

5

¶12.   But it is undisputed that the lease between Greer—the lessor/grantor—and the Nunnerys—the lessees—took effect during Greer's life.  Were Ball—the grantee—a party to the contract itself, we think this case squarely would be analogous to those involving life estates and remainder interests.  Whereas a conveyance of real property subject to a life estate immediately vests a legal interest in the grantee but a possessory interest only upon the grantor's death, so too would a contract to purchase the property on death immediately vest a contractual interest in the grantee and a right to title to the property at death.  In fact, when we first recognized that a deed could be deemed testamentary, we made a point to explain that the conveyance was a gift, not a contract, implying that our analysis would have been different had a contract been at issue.[10]

¶13.   That said, Ball was not a party to the lease.  At most, Ball may have been an intended third-party beneficiary.[11]  An intended third-party beneficiary "'may in his own right and

_____

[10] **Wall**, 30 Miss. at 96–7 (citing **Moore v. McKie**, 13 Miss. 238(1845)) ("The first feature in it to be observed is, that it purports to be a deed of conveyance, in consideration of love and affection, and also for a nominal money consideration. In this respect, it should rather be regarded as a deed of gift, than as one of bargain and sale; and from the statement of the consideration, it would appear that the money part of it was inserted under the idea that it was necessary to give validity to it, when the instrument was really intended to be a gift to his brothers and sisters."); *see also* Miss. Code Ann. § 91-7-221 (Rev. 2013).

[11] **Miss. High School Activities Ass'n, Inc. v. Trail**, 163 So. 3d 274, 277 (Miss. 2015) (quoting **Yazoo & M.V.R. Co. v. Sideboard**, 161 Miss. 4, 133 So. 669, 671 (1931)) ("In one of our older cases we articulated a three-part test to determine when a third party qualifies as an intended beneficiary: '(1) when the terms of the contract are expressly broad enough to include the third party either by name as one of a specified class, and (2) the said party was evidently within the intent of the terms so used, the said third party will be within its benefits, if (3) the promissee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract.'").

6

name, enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration.'"[12]

¶14. If Ball was not an intended third-party beneficiary, it is clear she had no vested interest during the life of the grantor and the chancellor erred by finding that the conveyance was not testamentary. If she was an intended third-party beneficiary, the answer to that question is more nuanced. The parties to the contract had vested contractual rights during the life of the grantor. An intended third-party beneficiary possesses the right to enforce the promise for her benefit in the contract. That said, the parties to a contract may agree to discharge or modify promises that benefit an intended third-party beneficiary except when the contract contains a provision to the contrary or under certain factual circumstances not at issue here.[13]

¶15. A right is vested when it has "become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute."[14] Because Greer and the Nunnerys could have modified the lease to remove Ball's benefit under Section 3, Ball possessed no vested right in the contract even if she were an intended third-party beneficiary. So, contrary to the dissent's view, it matters not that Greer needed the Nunnerys' consent to terminate this provision during her lifetime. The relevant question is *when* the interest vests in the grantee and *whether* it may be modified during the grantor's life, not *who* has the right to prevent any interest from vesting. Because Ball, the grantee, lacked a vested right, Section

---

[12] ***Burns v. Washington Savings***, 251 Miss. 789, 795, 171 So. 2d 322, 324 (1965) (quoting 17 Am. Jur. 2d *Contracts* § 302, at 722 (1964)).

[13] *Restatement (Second) of Contracts* §311.

[14] *Vested*, Black's Law Dictionary 1342 (abr. 9th ed.).

7

3 must be deemed testamentary in nature and treated as a will.[15] The parties agree the lease failed to comply with the statutory formalities required of a will, so we affirm the Court of Appeals' decision to reverse the chancellor's decision finding Section 3 enforceable.

## CONCLUSION

¶16. Because we find Section 3 testamentary in nature, we affirm the Court of Appeals' decision to reverse the chancellor's decision that this provision was enforceable. We reiterate, as noted above, that the chancellor's ruling below and our ruling today affect only Ball's rights under Section 3 of the lease. The parties stipulated below that the Nunnerys' lease itself is valid.

¶17. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING AND CHAMBERLIN, JJ.**

**KITCHENS, JUSTICE, DISSENTING:**

¶18. I respectfully dissent. The lease agreement at issue was a contract between Rose Greer, as lessor, and Jené and David Nunnery (the Nunnerys), as lessees. Lessor and lessees agreed that Greer would lease the Nunnerys a tract of land for a dairy farm for a period of twenty-five years. Greer and the Nunnerys also agreed that, in the event of Greer's death, her

---

[15] The dissent correctly states that "[w]hen 'individuals seek to accomplish ends authorized by our law, we are obliged to take upon ourselves a positive attitude that the law may serve, not thwart, the legitimate aspirations of those individuals.'" Dis. Op. at ¶ 19 (quoting *Ford v. Hegwood*, 485 So. 2d 1044 – 1046 (Miss.1986). But here the end the parties sought to accomplish—a testamentary conveyance without the statutory formalities of a will—is not "authorized by our law."

daughter, Linda Greer Ball, would "step into her shoes" and assume the rights and obligations of lessor, including the right to receive the rental payments. The majority likens this arrangement to cases that involved failed deeds in which a purported grantor attempted to convey to the purported grantee an interest in land upon the grantor's death. *See **Ford v. Hegwood***, 485 So. 2d 1044, 1045 (Miss. 1986) (collecting cases). This Court has held that such an instrument is not a deed unless it makes a present conveyance of an interest in land, for example, a remainder interest. ***Id.*** at 1045. If the instrument makes no present conveyance of an interest, the instrument is testamentary in nature and is of no effect unless it meets the legal requirements of a valid will. ***Ford***, 485 So. 2d at 1045.

¶19.     What the majority misses is that, unlike the cases on which it relies, the lease at issue is not an instrument by which a grantor attempts to convey real property to a grantee. Greer did not undertake unilaterally to donate or convey the rental payments to her daughter. Rather, Greer *and the Nunnerys* negotiated a contract term requiring that, in the event of Greer's death, the Nunnerys would pay rent to Ball, and Ball would assume the duties of the lessor set forth in the contract formerly performed by Greer. Those duties include paying real property taxes, paying for posts and wire for fences reasonably needed by the Nunnerys, inspecting the property, and giving written advance approval (or disapproval) of any deviation from the Nunnerys' use of the property as a dairy business. The contractual language expresses a clear intent and agreement by the Nunnerys to deal with Ball in the event of Greer's death. And this Court's primary purpose when reviewing a contract is to determine and give effect to the intent of contracting parties. ***Brothers v. Winstead***, 129 So.

9

3d 906, 913 (Miss. 2014). When "individuals seek to accomplish ends authorized by our law, we are obliged to take upon ourselves a positive attitude that the law may serve, not thwart, the legitimate aspirations of those individuals." *Ford*, 485 So. 2d at 1046.

¶20.    Another consideration undermines the majority's conclusion that the lease provision at issue was testamentary in nature. A will may be revoked at any time during the life of the testator. *Trotter v. Trotter*, 490 So. 2d 827, 832 (Miss. 1986). Thus, a purported deed that conveys no interest in land until the grantor's death is testamentary because it may be revoked any time before the grantor's death. Because the dairy farm lease was a contract between Greer and the Nunnerys, Greer could not have revoked the term assigning the lessor's duties to Ball upon Greer's death. Rather, both Greer and the Nunnerys would have had to agree to such an alteration. Therefore, this case cannot be likened to the cases finding a purported deed to be testamentary in nature. In all of those cases, the grantor could have revoked the instrument at any time prior to his or her death.

¶21.    This Court has cautioned restraint in this area, stating that "an instrument . . . should be adjudicated testamentary in character and subject to the statute of wills only where such affirmatively and clearly appears from the language of the instrument." *Ford*, 485 So. 2d at 1047. We are to resolve doubts in favor of giving effect to the intention expressed in the instrument. *Id.* Because the lease provision at issue is not affirmatively and clearly testamentary in character, I would affirm the chancellor's finding that the lease provision at issue was a valid assignment of the lessor's rights and obligations.

**KING AND CHAMBERLIN, JJ., JOIN THIS OPINION.**